Charles S. Ringwood, J.
Although these cases were tried separately, the points of law involved are the same and the appeals were argued jointly.
The initial question for decision is whether or not a truck driver is obliged to drive a truck onto a portable scale at the direction of a police officer as it is claimed that each of these appellants refused to do so and thereby violated section 1102 of the Vehicle and Traffic Law, which in full is: “ Obedience to police officers. No person shall fail or refuse to comply with any lawful order or direction of any police officer or other person duly empowered to regulate traffic.”
The solution here is a reading of sections 390 and 393 of the Vehicle and Traffic Law, which sections form the basis of the charge of “ refusing to comply ”.
These sections clearly require affirmative acts on the part of one driving a suspect vehicle, to wit: to stop, to drive to the scales, and to remove and care for any excess load found but lacking is a clear statutory requirement to drive the vehicle onto the scale at the direction of the officer.
Then by construction, is a direction to drive it on the scales a “lawful order or direction” of a police officer empowered to regulate traffic? I hold that to regulate the weight of a truck is to regulate traffic especially in view of the broad definition of traffic as found in section 152 of the Vehicle and Traffic Law. “ Traffic. Pedestrians, ridden or herded animals, vehicles, and other conveyances either singly or together while using any highway for purposes of travel.”
Therefore, I conclude that if there was such an order or direction in any of these cases, the driver was obliged to obey the same.
I am aware that the dictum in People v. Fidler (280 App. Div. 698) could be used as a logical basis for a contrary conclusion but this decision was made prior to the enactment of section 152, *788 and it is also fair to assume that since the problem there was whether or not the defendants obstructed the officer in the discharge of his duty to inspect, in violation of section 1851 of the Penal Law; that the point as to whether or not there was a duty to drive the truck onto the scale was not closely examined. The cases are similar, however, in the respect that in neither Fidler nor the case at bar was the constitutional question of self incrimination raised.
There remains to be decided the question of whether or not the prosecution sustained the burden of proving beyond a reasonable doubt that the officer or officers directed the appellants to drive the respective trucks onto the scales, because lacking a clear direction to do so there could be no valid conviction for failing to heed the same.
In Case No. 1, the Mann case, there can be no question from reading the testimony that the arrest was based on the following conversation between the arresting officer and the appellant: ‘ ‘ Q. Tell the Court, in words or substance what that conversation was? A. I proceeded to get the scales out of the trunk of the car. Mr. Mann said, ‘ Are you going to drive the truck on the scales? ’ I said, ‘ Does that mean you are not? ’ He said, ‘ Yes, it does,’ at which time he was placed under arrest.”
There was a further conversation with another officer following the arrest concerning possible tire damage from the scales, but this has no bearing on whether or not the order was given.
I hold that as a matter of law appellant Mann was not given a direct order to drive the truck onto the scales and there is no basis for a conviction in spite of the fact that it is clear that at the time he did not intend to do so. What is not known is whether or not he would have changed his mind if .the trooper had given him a clear and unequivocal command to do so.
The conviction should be reversed, the information dismissed and the fine remitted.
In Case No. 3, the Tubbs case, the testimony is essentially the same other than for some conclusory statements of the officer. The only proof is as follows:
“ A. I directed him to drive his truck on the scales.
“ Q. Is that your testimony now? A. Yes.
“ Q. Tell the words in which you phrased that direction? A. To the best of my knowledge, ‘ Are you going to drive the truck on the scales ? ’
“ Q. That was the direction you delivered? Do you consider the question, ‘ Are you going to drive the truck on the scales? ’ constitutes a direction? A. I don’t consider it a question.”
*789 It appears to be a poor choice of words on the part of the trooper but nonetheless as a matter of law, these words do constitute a question and not a direction and, therefore, in this case the conviction should also be reversed, the information dismissed and the fine remitted.
In Case No. 2, Baker, the only proof consists of conclusory statements of Trooper Paris concerning a conversation he overheard between Trooper Stangle and the appellant. He could not recall the words used that constituted, in his opinion, a direction to drive onto the scales. Trooper Stangle was in the courtroom but was not called. Although appellant’s attorney did not object to the conclusions, they cannot form the basis of a conviction beyond a reasonable doubt and this conviction should be reversed, the information dismissed and the fine remitted.