Paul J. Yesawich, Jr., J.
The iCity of Ithaca seeks to enjoin the County of Tompkins from demolishing “ Boardman House ’ ’, a .building which the city has designated as a landmark, until the county obtains a permit to do so from the Ithaca Landmarks Preservation Commission in accordance with the city’s landmarks preservation ordinance.
*883 In 1969 the county purchased a complex of buildings, including Boardman House, for the purpose of providing adequate space for the expansion of county government offices. After the purchase, the county commissioned a restoration consultant to study the feasibility of restoring this and other buildings. Restoration of Boardman House was rejected by the county because of the high cost involved.
In 1971 the city, pursuant to section 96-a of the General Municipal Law, adopted a landmarks preservation ordinance and its Landmarks Preservation Commission thereafter conducted hearings in connection with the establishment of an historic district which included the Boardman House. Prior to the commission’s designation of the site involved as an historic district the county filed a statement with the commission outlining its past efforts to save this building and its present plans to demolish it. In 1972 the county, without obtaining prior approval from the commission to do so and without encountering any interference from the commission, demolished certain other buildings in this same historic district.
In an effort to save the Boardman House, the county has solicited bids and proposals for its sale or lease but no satisfactory proposals have been received. The county now wishes to demolish this building.
The city maintains that the county must comply with the city’s ordinance and must obtain a demolition permit from the Landmarks Preservation Commission. The county contends that it is not subject to the city’s ordinance.
Because landmark preservation ordinances restrict the rights of a landowner they are a type of1 zoning ordinance (see 2 Anderson, American Law of Zoning, §§ 8.54, 8.55). Ordinarily a county, when performing a governmental function, such as the selection of building sites for county government offices, is immune from complying with the terms of the zoning ordinances of another local government within its boundaries. (Nehrbas v. Incorporated Vil. of Lloyd Harbor, 2 N Y 2d 190; Matter of County of Tompkins v. Powers, 43 Misc 2d 786.) The fact that the county, in an effort to preserve this building, designated it as surplus property does not abrogate this immunity for the county’s present intention is to use that site for a county office building.
However, despite its characterization as a zoning ordinance, the landmarks preservation ordinance is entitled to unique consideration for unlike the traditional scope of zoning ordinances, landmark preservation ordinances are directed at preserving *884 buildings rather than policing the erection and use of buildings on the land. (Mayor and Aldermen of City of Annapolis v. Anne Arundel County, -Md. -; Civ. No. 184, Jan. 30, 1974.) The difference between traditional and historic zoning laws is further illustrated by the fact that no building can be designated a landmark unless there has been a public hearing and expert opinion favoring such a designation (see Ithaca City Ordinance, art. Ill, ch. 24, § 24-5).
Moreover, a literal interpretation of section 96-a of the General Municipal Law confirms the conclusion that historic zoning is distinct from traditional zoning for the opening sentence of section 96-a reads: “In addition to any power or authority of a municipal corporation to regulate by planning or zoning laws and regulations or by local laws and regulations, the governing board or local legislative body of any county, city, town or village is empowered to provide by regulations, special conditions and restrictions for the protection, enhancement, perpetuation and use of places, districts, sites, buildings, structures, works of1 art, and other objects having a special character or special historical or aesthetic interest or value.” (Emphasis added.)
Prior to the enactment of section 96-a cities and counties only were authorized to preserve buildings of special historical or aesthetic interest or value. Section 96-a empowers all local governments to preserve landmarks. This section which is more explicit than the prior statutory laws emphasizes the Legislature’s concern for the protection of historic districts and sites. (L. 1968, ch. 513, n. at p. 1875.) By granting to all political subdivisions this special and additional source of power, the Legislature recognized that each local government has an independent and important interest in the protection of landmarks. As a consequence realty owned by a county which has been designated as an historic landmark or which is within an historic district is subject to the jurisdiction of that hstorie areas commission.
Plaintiff’s application for a preliminary injunction is granted.